UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MARIA BARRIOS,        CASE NO.:_____

    Plaintiff,

v.

INTER CARS MIAMI, INC.,
a Florida Profit Corporation, and
DANIEL A. CASQUILHO, individually,

    Defendants.

_____/

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants, INTER CARS MIAMI, INC. and DANIEL A. CASQUILHO ("Defendants"), by and through undersigned counsel, hereby give notice of removal of the case styled *Barrios v. Inter Cars Miami, Inc., et al.*, Case No. 2019-012969-CA-01, currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Action") to the United States District Court, Southern District of Florida, Miami Division. As grounds therefor, Defendants state:

### I.    PROCEDURAL COMPLIANCE

1. Plaintiff filed her Complaint in the State Court Action on May 1, 2019. A copy of the summons and Complaint were served upon Defendants on May 10, 2019.

2. Accordingly, Defendants have timely filed this Notice of Removal within thirty (30) days of receipt of a copy of Plaintiff's initial pleading. *See* U.S.C. § 1446(a). Both Defendants have consented to removal.

3. Pursuant 28 U.S.C. § 1446(a), a true and correct copy of all processes, pleadings, and orders filed in the State Court Action are attached as **Exhibit "A."**

4. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiff, the only adverse party at this time, and a Notice will also be filed in the State Court Action.

5. This Court has original jurisdiction over this action based on federal question pursuant to 28 U.S.C. § 1331, and this action is therefore properly removable under 28 U.S.C. § 1441(a).

6. Removal to this Court is proper under 28 U.S.C. § 1446(a) because the United States District Court for the Southern District of Florida, Miami Division, is the district and division within which the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, is located.

## II.   GROUNDS FOR REMOVAL – FEDERAL QUESTION

7. Removal is grounded upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. Plaintiff's Complaint arises out of her former employment with Defendants.

9. The Complaint alleges causes of action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* ("FLSA"), a federal statute. Accordingly, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and this case is properly removable under 28 U.S.C. § 1441. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Federal jurisdiction exists . . . when a federal question is presented on the face of the plaintiffs' properly pleaded complaint.").

2

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

10. The state law claims alleged in Counts I – III of the Complaint are inextricably intertwined with, and form part of the same case or controversy as, Plaintiff's federal statutory claims. As such, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). *See City of Chicago v. International Coll. of Surgeons,* 522 U.S. 156, 165 (1997) (district court may exercise supplemental jurisdiction over state law claims that constitute "part of the same case or controversy" as claims arising under federal law); and *Design Pallets, Inc. v. Gray Robinson, P.A.,* 583 F. Supp. 2d 1282, 1284 (M.D. Fla. Oct. 7, 2008) (district court had supplemental jurisdiction over state law claims where there was subject-matter jurisdiction over federal claims).

### III.   CONCLUSION

Removal is proper because the Complaint falls within this Court's subject matter jurisdiction under 28 U.S.C. §§ 1331, 1367, and 1441(a). Plaintiff alleges violations of the FLSA, which clearly confers federal question jurisdiction in this Court. Defendants have met all procedural requisites for removal, and this notice is timely filed. Defendants respectfully request that this Court take jurisdiction and conduct all further proceedings in this case.

Dated:  May 29, 2019                     Respectfully Submitted,

**REINER & REINER, P.A.**
*Counsel for Defendants*
9100 South Dadeland Boulevard, Suite 901
Miami, Florida   33156-7815
Phone: (305) 670-8282; Fax: (305) 670-8989
cts@reinerslaw.com; eservice@reinerslaw.com

By:   */s/ Chelsea T. Silvia*
      **CHELSEA T. SILVIA**, Fla. Bar No. 111777

3

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

## CERTIFICATE OF SERVICE

I hereby certify that on <u>May 29, 2019</u>, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and served by Notice of Electronic Filing generated by CM/ECF and/or email on all counsel or parties of record on the Service List below.

                                                                                              */s/ Chelsea T. Silvia*
                                                                                              **CHELSEA T. SILVIA, ESQ.**
                                                                                              *Counsel for Defendants*

**SERVICE LIST:**

Jason M. Remer, Esq.
jremer@rgpattorneys.com
Miriam Brooks, Esq.
mbrooks@rgpattorneys.com
Manuel A. Antommattei, Esq.
maa@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Tel: (305) 416-5000
Fax: (305) 416-5005

*Counsel for Plaintiff*

4

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989